IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SARAH BABB,

    Plaintiff,

vs.

MERISANT US, INC.,

    Defendant.

06CV4341
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

Case No. _____
Judge _____

JURY TRIAL DEMANDED

FILED
AUG 1 0 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff, Sarah Babb, by her undersigned attorney, states as follows as her Complaint against Defendant, Merisant US, Inc.:

**The Parties**

1. Plaintiff Sarah Babb ("Ms. Babb") is a Caucasian female who resides at 42 W 370 Foxfield Drive in Saint Charles, Illinois 60175.

2. Defendant Merisant US, Inc. is a Delaware corporation that regularly conducts business at 10 South Riverside Plaza, Suite 850, Chicago, Illinois 60606, and employs more than 700 persons worldwide. Although Merisant is headquarted in Chicago, Illinois, it has more than 25 offices worldwide.

3. Merisant is the maker of **"Equal"** the taste leader among no/low calorie sweeteners. Equal has been sold for more than 25 years and is a well known tabletop brand in the restaurant and foodservice industry.

4. Merisant also markets and produces artificial sweetener products under at least 18 additional brand names, including **"Canderel,"** with sales in more than 85 countries across the

globe. Merisant's manufacturing sites include Manteno, Illinois; Fairfield, Australia; and Zarate, Argentina.

5. Merisant products account for more than one-third of the estimated $1.2 billion global tabletop sweetener market.

**Jurisdiction**

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and under 28 U.S.C. § 1367 pursuant to its supplemental jurisdiction to hear related state-law claims.

**Venue**

7. Venue is proper in this District pursuant to 28 U.S.C., § 1391.

**Factual and Procedural Background**

8. Ms. Babb was employed by Merisant from in or about March 2004 until Merisant terminated her employment in late February 2006.

9. Ms. Babb at all times during her employment with Merisant performed her job-related duties in an excellent manner and satisfied the legitimate expectations of Merisant.

10. On or about April 27, 2005, Merisant promised Ms. Babb that she would be promoted in October 2005.

11. On or about July 7, 2005, Ms. Babb informed Merisant that she was pregnant.

12. Subsequently, Merisant subjected Ms. Babb to a barrage of abusive and hostile treatment because of her pregnant status.

13. In or about mid-September 2005, Merisant demoted Ms. Babb because of her pregnant status.

14. Furthermore, Merisant failed and refused to promote Ms. Babb because of her pregnant status.

15. In addition, Merisant imposed and enforced policies, practices, and procedures against Ms. Babb that it did not do so with respect to similarly situated non-pregnant employees.

16. In fact, in the days leading up to Ms. Babb's anticipated delivery date, Merisant continued to hound Ms. Babb and to insist that Ms. Babb report to Merisant and attend meetings, even though Ms. Babb's doctor had already barred her from engaging in further work-related activities based upon the treatment and stress that she had been subjected to by Merisant.

17. Tragically, Ms. Babb's child died during, or prior to, delivery, within a short time period following the cessation of Merisant's calculated campaign of harassment against Ms. Babb.

18. Not surprisingly, Merisant terminated Ms. Babb's employment shortly after she was able to return to work following the death of her unborn child.

19. When it terminated her employment, Merisant claimed that Ms. Babb's job was simply being eliminated and that her termination was not performance related.

20. As further set forth below (see Count II), after terminating Ms. Babb's employment, Merisant engaged in a campaign of defamation against her.

21. On or about October 3, 2005, Ms. Babb timely filed a Charge of Discrimination ("First Charge") against Merisant, alleging violations of Title VII. Specifically, Ms. Babb claimed that Merisant had discriminated against her based upon her pregnant status.

22. Thereafter, after receiving a Notice of Right to Sue Letter from the EEOC with respect to that First Charge, Ms. Babb filed a federal court action against Merisant. That action is currently pending in this District under Case Number 1:06-CV-1383 before Judge Filip.

23. After her February 2006 termination, on or about March 21, 2006, Ms. Babb timely filed another Charge of Discrimination ("Second Charge"), alleging retaliation against Merisant.

24. Subsequently, the EEOC issued Ms. Babb a Notice of Right to Sue Letter ("Notice"), dated May 11, 2006, authorizing Ms. Babb to bring suit in federal court within 90 days of receipt.

25. Ms. Babb received that Notice on or after May 15, 2006.

## COUNT I

### (Title VII Retaliation)

26. Ms. Babb reallages and incorporates by reference Paragraphs 1 through 25 above, as though fully set forth herein, as Paragraph 26 of Count I.

27. This claim is brought pursuant to the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*.

28. Under Title VII, Merisant is an "employer" subject to suit under that Act, and Ms. Babb is an "employee" under the terms of the Act and thus entitled to bring suit under that Act against Merisant.

29. Ms. Babb has met all procedural prerequisites to bringing the present action and it is timely filed.

30. Title VII prohibited Merisant from retaliating against Ms. Babb for exercising her rights under Title VII and for complaining of Merisant's discriminatory conduct arising out of her pregnant status.

31. After Ms. Babb filed her First Charge, Merisant retaliated against her by, *inter alia*, terminating her employment. Merisant's act of terminating Ms. Babb's employment constituted an adverse employment action.

32. Merisant intentionally engaged in unlawful retaliation with respect to Ms. Babb.

33. Merisant's termination of Ms. Babb's employment was causally related to Ms. Babb's filing of her First Charge.

34. As a direct and proximate cause of Merisant's unlawful retaliation against Ms. Babb, Ms. Babb has suffered monetary and emotional injuries.

35. Merisant engaged in the retaliation described above with malice or with reckless indifference to Ms. Babb's federally protected rights.

**WHEREFORE**, Plaintiff, Sarah Babb, by her undersigned attorney, respectfully requests the entry of an Order granting judgment in her favor and against Defendant on Count I of her Complaint, for compensatory and punitive damages, for her attorneys' fees and costs, and for all such other and further relief available to her under Title VII and as this Court deems appropriate under the circumstances, and further Plaintiff demands trial by jury.

## COUNT II

### (Supplemental State Law Claim For Defamation)

36. Ms. Babb realleges and incorporates by reference Paragraphs 1 through 25 above, as though fully set forth herein, as Paragraph 36 of Count II.

37. This claim is brought pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

38. On Sunday, May 14, 2006, "CBS" national news aired a story on its Sunday night news program containing an interview of Ms. Babb. During that interview, Ms. Babb described, *inter alia*, her discriminatory and retaliatory treatment by Merisant.

39. On or prior to that May 14, 2006 date that the CBS new story aired nationally, Merisant, through it authorized agents and representatives, told CBS's representatives, *inter alia*, that Merisant had terminated Ms. Babb's employment based upon her poor performance.

40. After the CBS News piece regarding Ms. Babb and her lawsuit against Merisant ran on May 14, 2006, on or about May 15, 2006, Merisant, through its Chief Operating Officer ("COO"), Paul Block, sent out an e-mail to its employees with company wide distribution, in which he claimed, on behalf of Merisant, that, *inter alia*, Merisant terminated Ms. Babb due to her poor performance.

41. On or about May 16, 2006, Merisant, through its authorized agents and representatives, sent an e-mail to non-Merisant employee, Keith Groenewold, in which Merisant stated, *inter alia*, "Sara Babb was terminated for performance and business reasons completely unrelated to her pregnancy."

42. The statements made by Merisant as set forth in Paragraphs 39, 40, and 41 above, were false.

43. Merisant knew that the statements set forth in Paragraphs 39, 40, and 41 above were false at the time they were uttered.

44. Alternatively, Merisant's statements set forth in Paragraphs 39, 40, and 41 above were made with reckless disregard for their truth or falsity.

45. Merisant's statements as set forth in Paragraphs 39, 40, and 41 above were designed to cause injury to Ms. Babb.

46.　　Merisant's statements as set forth in Paragraphs 39, 40, and 41 above were defamatory *per se* because they, *inter alia*, imputed an inability by Ms. Babb to perform her duties of employment with Merisant, and imputed a lack of ability by Ms. Babb in her trade, profession or business.

47.　　Ms. Babb has suffered injury as a direct and proximate cause of the statements uttered by Merisant and referenced above in Paragraphs 39 through 41 above, including but not limited to embarrassment, humiliation, shame, and anxiety.

**WHEREFORE**, Ms. Babb respectfully request the entry of judgment in her favor and against Defendant Merisant on Count II in an amount in excess of $75,000, and for all monetary relief to which she is entitled, for punitive damages, for attorneys' fees and costs, and for all such other relief that is just and proper under the circumstances.

**Respectfully Submitted,**

By: _____
**Attorney for Plaintiff**

Michael I. Leonard
Meckler, Bulger & Tilson, LLP
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312)474-7925 (phone)
(312)474-7898 (fax)
Dated: August 10, 2006
M:\10808\pleadings - Retaliation Case\Complaint - Retaliation.doc